# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| MIGUEL MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   CV410-049 |
| | ) | |
| RYCARS CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

In this negligence action plaintiff Miguel Martinez moves the Court to quash defendant Rycars Construction, LLC's subpoenas to his telecommunications vendors for phone numbers and other data aimed at uncovering evidence of his drug use before and after the on-the-job accident on which his claims are based.[1]   Doc. 32 (first motion to quash);

---

[1]   For the purposes of this motion, the Court accepts plaintiff's allegations as true. Martinez was a Georgia Department of Human Resources (DHR) employee on July 31, 2008 when he performed maintenance work at the Georgia Regional Hospital in Savannah, Georgia.   On that date, Rycars was replacing a hospital roof under a contract with DHR. While using hydraulic lifts on the job, it applied non-standard, "rope and box" attachments to them. Rycars lent one to Martinez's supervisor, who told Martinez to get on it in order to cut some nearby tree limbs. While doing so, the rope holding the box to the lift broke and the box and Martinez dropped to the ground, rendering him a paraplegic.   Doc. 1 (Complaint) ¶¶ 4-18; doc. 17 at 1-3. Martinez

doc. 36 (second motion to quash); doc. 39 (third motion to quash). He argues that in his deposition he has already admitted to pre- and post-accident (but not current) marijuana use, and that for pain-management he is now on a prescription marijuana substitute ("marinol"). Doc. 32 at 6. So, he reasons, subpoena-based discovery to his telecommunications providers seeking cell-phone usage[2] simply to unearth evidence of past use if not present proclivities is irrelevant, overbroad, and annoying, not to mention unduly prejudicial under Fed. R. Evid. 403, if used at trial. *Id.* at 6-8.[3]

As this Court said in an earlier discovery order in this case, doc. 1, reported at 2010 WL 3070193, information sought must be relevant.

---

brought this negligence action against Rycars. Doc. 1.

[2] *See, e.g.*, doc. 36-1 at 4 ¶ 4 ("All email and text messages....").

[3] A note about briefing before this Court: Plaintiff mentioned a variety of discovery requests in addition to that aimed at his "cell-phone" provider, doc. 32 at 9-10, yet he did not sufficiently specify *which* particular requests step over the line. *E.g.*, doc. 32 at 9 (referring to "the subpoena and additional Interrogatories and Requests to [plaintiff]," as violating Fed. R. Civ. P. 26(b)(1), without specifying *which* particular Interrogatories). It is not until plaintiff's "Supplemental Brief" that the Court is provided with precision: "The Motion to Quash is only in regard to the subpoenas to AT&T, which request any and all cell phone records, emails, and text messages at any point in time." Doc. 38 at 1. Turgid, imprecise briefing needlessly burdens the Court.

Fed. R. Civ. P. 26(b)(1).[4]  But the relevancy standard for discovery is far more elastic than for admission of evidence at trial.  Rycars need only show that the information it seeks is relevant within the broad, "any possibility" discovery standard.  *See, e.g., In Re Wirebound Boxes Antitrust Litigation*, 129 F.R.D. 534, 539 (D. Minn. 1990) (discovery of the information at issue "is to be considered relevant where there is any possibility that the information sought may be relevant") (quotes and cite omitted), *vacated on other grounds*, 131 F.R.D. 578 (D. Minn. 1990); *AM Intern'l, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill. 1981)

---

[4]  Rule 26(b)(1) governs the scope of discovery in civil cases:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  Courts "focus on the *actual claims* and defenses involved in the action. The dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the action cannot be defined with precision.  A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action." Rule 26(b)(1) advisory committee's note (emphasis added).

(discovery should be allowed if there is any possibility that the information sought may be relevant), *cited in La Mura v. United States*, 765 F.2d 974, 982 n. 12 (11th Cir. 1985); *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 336, 341 (D. Kan. 1991) (a discovery request should be granted "unless it is clear that the information sought can have no possible bearing on the subject matter of the action").

Martinez alleges that he was rendered a paraplegic by the accident in question and thus he seeks, *inter alia*, damages for lost future employment income, along with pain and suffering. Doc. 1 at 21. Those damages claims alone expose him to discovery inquires about past, present, and possible future drug abuse, and that includes when he ingested such drugs, to whom he admitted doing so if he denies usage, and whether he is willing to break the law to accommodate his consumption (a factor future employers undoubtedly would find significant). *Compare Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1475 (11th Cir. 1984) (admission of evidence on plaintiff's past history of alcohol problems relevant to issue of future loss of earnings; it also was relevant to his "ability to adjust emotionally to his infirmity and become more fully

rehabilitated."), *Butler v. French*, 83 F.3d 942, 945 (8th Cir. 1996) (evidence of plaintiff's past problems with alcohol abuse was relevant to his claim for damages for future lost income in action arising out of collision between tractor-trailer truck and train where defendant questioned plaintiff as to whether his drinking might be one reason that his income had dropped), and *Cook v. Am. Steamship Co.*, 53 F.3d 733, 743 (6th Cir. 1995) (admission of evidence on plaintiff's past history of alcohol problems not plain error, where defendant alleged that plaintiff had shorter life expectancy because of alcoholism),[5] *with Knox v. Ferrer*, 2008 WL 4446532 at * 2 (S.D. Miss. Sep. 25, 2008) (excluding as irrelevant medical malpractice plaintiff's past alcohol consumption when defendants failed to show how it might be relevant to the standard of care they provided).

Generically speaking, then, Martinez cannot thwart discovery aimed at his illicit drug use. Still, the Court agrees with an example in his brief -- that an inquiry of who his marijuana supplier is -- cannot reasonably be thought to lead to the discovery of admissible evidence of drug use,

---

[5] Those cases additionally cut against Martinez because they apply the relatively stricter *trial* (as opposed to discovery) standards in admitting such evidence.

especially since Martinez has *admitted* that he's been a "doper." Doc. 32 at 7. Nailing down his supplier's *identity* hardly adds more to that fact.

The bone of contention here, then, is this: Rycars wants plaintiff's cell phone records of every telephone call to and from anyone from January 2008 to present. *Id.* at 8; *see also* doc. 36-1 at 3-4 (seeking, for example, "[a]ll text messages in readable form sent, received or in any manner transmitted by [Martinez's cell number] during . . . January 2008 to present."). It may be thought that such requests could reasonably be pared down to any communications concerning drug use, but Rycars proffers no explanation how a telecommunications provider may be supposed to sort such data. All a provider can reasonably do is simply hand over to Rycars *all* of the numbers Martinez called and, possibly, *all* of the images he transmitted. That can easily cut very personal,[6] which is overbroad and unacceptably annoying. The Court thus grants plaintiff's motion to quash on that score. *See Collens v. City of New York*,

---

[6] Presumably Rycars's counsel would then call all the numbers Martinez dialed and ask if Martinez had tried to buy marijuana from that person, whether that caller knew about plaintiff's drug habits, etc. That practice would not be very far from unguided-missile, cross-examination questions like "when did you stop beating your wife"? Judicial process is largely about line-drawing, and it is reasonable to limit indiscriminate "buzz-saw" discovery like this.

222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses."); *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477 at * 4 (N.D. Tex. May 24, 2010) (no "fishing expedition" permitted on phone records request).

Relatedly, note that some of Rycars's discovery to *Martinez* (as opposed to his cell phone providers) asks for more narrowly focused data, specifically:

All text messages sent or received by you to or from anyone:

a) On the date of the accident;
b) At any time during the 48 hours preceding the accident; and
c) In any way referring to or referencing the accident.

Doc. 52 at 6 ¶ 5.[7]

That is a more reasonably focused inquiry, especially since it would easily be within the realm of possibility that accident-related communications occurred within 48 hours of the accident (parts (a) & (c)

_____

[7]   This is a Motion to Compel to which plaintiff still has time within which to respond. Thus, the Court is not reaching this motion now.  However, counsel are directed to confer and attempt to resolve this motion in light of the analysis contained herein.

above), and a text message seeking to buy marijuana just before the accident certainly obviously would be of valid interest to the defense (seeks to show contributory negligence), which thus would support request (b). *See Wright v. Weaver*, 2009 WL 5170218 at * 4-5 (E.D. Tex. Dec. 18, 2009) (authorizing one month of cell phone records in negligence case since they "could help Plaintiff to identify additional witnesses to the incident."). But even if Rycars's subpoenas to the providers were so tailored, how would a provider be able to sift any such stored data by subject matter, assuming it still exists? It seems highly likely that the providers would simply hand over a mass of telephone numbers to Rycars's counsel, who would then be free to "cold call" each and every number for go-fish discovery. Again, that simply goes too far.

In light of this result, plaintiff's "short-timed" arguments therefore need not be reached. Doc. 39 at 1-3 (third motion to quash based on defendant's setting too short a time for him to object). Accordingly, plaintiff's motions to quash, as aimed at interdicting defendant's third-party discovery to plaintiff's cell phone providers, are **GRANTED**. Docs. 32, 36, & 39.

**SO ORDERED** this __18th__ day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA